**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SPECIAL QUALITY ALLOYS, INC., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-04258 |
| | § | |
| COASTAL MACHINE & SUPPLY, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## **OPINION AND ORDER**

Before me is the Motion of Defendant Coastal Machine & Supply, Inc. to Dismiss for Lack of *In Personam* Jurisdiction Pursuant to Rule 12(b)(2). Dkt. 22. For the reasons set forth below, I conclude that this Court lacks personal jurisdiction over Coastal Machine & Supply, Inc. ("Coastal Machine"). Instead of dismissing the case, I will transfer it to the United States District Court for the Western District of Louisiana, where venue would otherwise be proper.

## **BACKGROUND**

This case arises out of a contract for specially manufactured and prepared nickel alloys. Plaintiff Special Quality Alloys, Inc. ("SQA"), the supplier, is a Texas corporation with its principal place of business in Humble, Texas. Defendant Coastal Marine, the purchaser, is a Louisiana corporation with its principal place of business in Carencro, Louisiana. SQA alleges that it delivered the contracted-for goods to Coastal Marine, but Coastal Marine failed to pay for them.

SQA originally filed suit against Coastal Marine in Texas state court, asserting causes of action for suit on sworn account, breach of contract, and quantum meruit/unjust enrichment. In response to the state court action, Coastal Marine filed a special appearance to contest personal jurisdiction. *See* Dkt. 1-3. In that pleading, Coastal Marine argued that a Texas court cannot exercise personal jurisdiction over a Louisiana corporation based on a single order of materials from

Texas. Two days after filing its personal jurisdiction challenge, Coastal Marine removed the case to federal court based on diversity jurisdiction.

Once in federal court, the parties requested that this matter be stayed 60 days. The Court agreed. A short time after the 60 days elapsed, the parties consented to have yours truly handle this matter. The parties then submitted a Joint Discovery/Case Management Plan and attended a status conference before me. On June 21, 2023, SQA filed its First Amended Complaint. On July 14, 2023, Coastal Marine filed the instant motion to dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits a court to dismiss an action if the court does not have personal jurisdiction over the defendant. "When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant." *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). In deciding whether the plaintiff has met that burden at this early stage, "the court must accept as true all uncontroverted allegations in the complaint and must resolve any factual disputes in favor of the plaintiff." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 496 (5th Cir. 2012). When a motion to dismiss turns on a jurisdictional issue, a district court may also consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

> A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution.

*Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry reduces to only the federal due process analysis." *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019).

> To comport with due process demands, a plaintiff in a diversity case must establish that the non-resident defendant purposely availed himself of the benefits and protections of the forum state by establishing minimum contacts with the state and that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

*Zoch v. Magna Seating (Ger.) GmbH*, 810 F. App'x 285, 288 (5th Cir. 2020) (cleaned up).

The United States Supreme Court has recognized two kinds of personal jurisdiction: general jurisdiction and specific jurisdiction. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 262 (2017). General jurisdiction exists over a nonresident defendant when its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). "That is a high bar." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 323 (5th Cir. 2021).

The specific jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quotation omitted). For this reason, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919 (quotation omitted). Exercise of specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *See Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The Fifth Circuit uses a three-step analysis for specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Ward v. Rhode*, 544 F. App'x 349, 352 (5th Cir. 2013) (quotation omitted). "Specific jurisdiction should be determined on a case-by-case basis under the facts of each individual case." *Zoch*, 810 F. App'x at 293.

## ANALYSIS

**A.  WAIVER**

I must first address SQA's argument that Coastal Machine has forfeited its right to challenge personal jurisdiction through its litigation conduct and affirmative representations to the Court. Before I discuss, one-by-one, the actions (and inactions) that SQA contends constitute a waiver of Coastal Marine's personal jurisdiction defense, let me briefly summarize the state of the law on waiver.

Unlike subject matter jurisdiction, "the requirement of personal jurisdiction represents first of all an individual right, [and therefore] it can, like other such rights, be waived." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). The Fifth Circuit has recognized the "well-established rule that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections." *PaineWebber Inc. v. Chase Manhattan Priv. Bank (Switz.)*, 260 F.3d 453, 459 (5th Cir. 2001); *see also Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) ("To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking."). There is no "bright-line rule" for what constitutes conduct sufficient to waive the personal jurisdiction defense. *Brokerwood Int'l (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 380 (5th Cir. 2004). The inquiry is "more an art than a science" and requires me to "consider all of the relevant circumstances." *Boulger v. Woods*, 917 F.3d 471, 477 (6th Cir. 2019) (cleaned up).

Turning to the procedural history of this particular case, I note that the first pleading Coastal Marine filed in state court was a jurisdictional challenge, commonly referred to as a "special appearance" under Texas state court

4

nomenclature. That pleading certainly put SQA on notice from the outset of the case that Coastal Marine contests personal jurisdiction.

Nonetheless, SQA contends that Coastal Marine waived any objection to personal jurisdiction by asking for a 60-day stay of the initial scheduling conference in federal court, filing a third-party complaint against J.P. Morgan Chase, and serving Rule 26 disclosures. I am not persuaded. These actions, taken individually or together, do not come close to the level necessary to constitute a voluntary submission to the jurisdiction of this court. The Fifth Circuit is clear that much more is needed to manifest an intent to submit to the court's jurisdiction. *See Brokerwood*, 104 F. App'x at 380 (finding that a defendant who asserted a personal-jurisdiction defense in its answer but then "participated in a scheduling conference, provided initial disclosure, filed a motion to strike the jury demand (which was ruled on by the court), and filed interrogatories, requests for production, and a witness list" before filing its motion to dismiss for lack of personal jurisdiction did not waive its objection to the court's exercise of personal jurisdiction).

On the stay issue, the parties' joint request to stay the case for 60 days simply asked the court to maintain the status quo for a short period of time. A request for a stay of the proceedings hardly represents an acknowledgement that this Court has jurisdiction over Coastal Marine. *See Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011) ("Defendants' motion for a stay does not come close to what is required for waiver or forfeiture of a personal jurisdiction defense." (quotation omitted)).

Concerning the cross-claim that Coastal Marine filed against JP Morgan Chase, Fifth Circuit law provides that filing a cross-claim does not automatically confer personal jurisdiction. *See PaineWebber Inc.*, 260 F.3d at 461 ("[T]he filing of a counterclaim, cross-claim, or third-party claim does not, without more, waive an objection to personal jurisdiction."). "[T]he opinions holding that the filing of a cross-claim, counterclaim, or third-party complaint does not otherwise waive

5

personal jurisdiction are premised on the idea that a party should be able to simultaneously protest personal jurisdiction while vigorously advocating the merits of his case." *Toshiba Int'l Corp. v. Fritz*, 993 F. Supp. 571, 573–74 (S.D. Tex. 1998).

Next, SQA argues that Coastal Marine's participation in the Rule 26(f) planning meeting and the filing of the Rule 26(f) report—both of which are required of all litigants—somehow results in a waiver of the personal jurisdiction defense. Hogwash. Many courts have recognized that defendants do "not waive their right to contest personal jurisdiction by participating in the Scheduling Conference and filing of the 26(f) Report, in compliance with the Federal Rules, Local Rules, and Court Orders." *Simonson v. Olejniczak*, No. 3:21-cv-01118, 2022 WL 6509428, at *5 (D. Conn. May 17, 2022); *see also STI Trucking, LLC v. Santa Rosa Operating, LLC*, No. 20-cv-00073, 2021 WL 3604609, at *4–5 (N.D. Okla. Aug. 13, 2021) (holding lack of waiver of personal jurisdiction defense when defendant participated in the filing of two court-ordered joint status reports, made initial disclosures, exchanged witness and exhibit lists, participated in a settlement conference, and appeared for a scheduling conference); *Willis v. Tarasen*, No. 4-cv-4110, 2005 WL 1705839, at *3 (D. Minn. July 11, 2005) ("[P]articipation in the [court-ordered] scheduling conference does not constitute submission to the Court's jurisdiction.").

Admittedly, it is concerning that Coastal Marine did not mention in the Joint Discovery/Case Management Plan that it was asserting a personal jurisdiction defense. *See* Dkt. 7 at 2 (answering "None" when asked to "[i]dentify any issues as to service of process, personal jurisdiction, or venue"). But that appears to be a mere oversight. Coastal Machine certainly did not hide its desire to contest personal jurisdiction. Indeed, Coastal Machine's initial pleading in the state court action challenged personal jurisdiction, arguing that a Texas court cannot exercise "personal jurisdiction over a Louisiana Defendant based on a single [] order of materials from Texas." Dkt. 1-3 at 1. Given this express objection to personal

jurisdiction, I am reluctant to conclude that Coastal Marine's failure to indicate in the Joint Discovery/Case Management Plan that it intended to assert a personal jurisdiction defense qualifies as a clear intent to submit to the Court's jurisdiction.

Next, SQA suggests that Coastal Marine's consent to a trial before me waived its right to contest personal jurisdiction. That is not the law. "[C]onsenting to the use of a United States Magistrate Judge to conduct any or all proceedings pursuant to 28 U.S.C. § 636, et seq., does not constitute a waiver of objections to the Court's personal jurisdiction." *Liggett v. Borough of Brownsville*, No. 14-1086, 2015 WL 2238605, at *6 (W.D. Pa. May 12, 2015); *see also Joseph Saveri Law Firm v. Criden*, 696 F. App'x 189, 192–93 (9th Cir. 2017) (defendant did not waive personal jurisdiction by filing consent to magistrate judge jurisdiction, and no other factors militated in favor of finding waiver); *Harper v. City of Cortez*, No. 14-cv-02984, 2015 WL 4113825, at *3 (D. Colo. July 8, 2015) (consenting to the jurisdiction of a magistrate judge does not constitute a submission to personal jurisdiction). To hold otherwise would discourage parties thinking of consenting to the jurisdiction of a magistrate judge from doing so out of fear that they would be forfeiting a personal jurisdiction defense. "That is not the intended purpose of the consent form." *Harper*, 2015 WL 4113825, at *3.

In sum, Coastal Marine has not taken any affirmative action that would fairly invite me to resolve the dispute between the parties. There has been no waiver of personal jurisdiction.

B.  **PERSONAL JURISDICTION**

Now that the waiver issue is out of the way, I must address whether the assertion of personal jurisdiction over Coastal Marine is appropriate in this case. Coastal Marine challenges the exercise of personal jurisdiction over it based on a single order of product from a Texas corporation.

To begin, I note that this Court lacks general jurisdiction over Coastal Marine. As a Louisiana corporation with its principal place of business in Louisiana, Coastal Marine is not essentially "at home" in Texas. *Daimler AG v.*

*Bauman*, 571 U.S. 117, 137 (2014) (General jurisdiction exists over a corporation in a state "in which the corporation is fairly regarded as at home." (quotation omitted)). SQA concedes this point. Accordingly, I will limit my analysis to specific jurisdiction.

As already explained, the specific-jurisdiction analysis requires me to assess whether Coastal Marine has "purposefully availed [itself] of the benefits and protections of the forum state such that [it] should reasonably anticipate being haled into court" here. *Carmona v. Leo Ship Mgmt.*, 924 F.3d 190, 193 (5th Cir. 2019) (quotations omitted).

It is undisputed that Coastal Marine purchased nickel alloys from SQA, a Texas corporation with its principal place of business in Texas. But that, alone, is insufficient to give rise to specific jurisdiction because "[j]urisdiction must not be based on the fortuity of one party residing in the forum state." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009); *see also Carmona*, 924 F.3d at 194 (5th Cir. 2019) ("[T]he plaintiff cannot supply the only link between the defendant and the forum." (quotation omitted)). The Fifth Circuit has "consistently held that merely contracting with a resident of a forum state does not create minimum contacts sufficient to establish personal jurisdiction over a nonresident defendant." *Blakes v. DynCorp Int'l, L.L.C.*, 732 F. App'x 346, 347 (5th Cir. 2018) (cleaned up); *see also McFadin*, 587 F.3d at 760 ("It is clearly established that merely contracting with a resident of the forum state does not establish minimum contacts" (quotation omitted)); *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007) ("[M]erely contracting with a resident of Texas is not enough to establish minimum contacts."); *Latshaw*, 167 F.3d at 211 ("[E]ntering into a contract with an out-of-state party, without more, is not sufficient to establish minimum contacts.").

Coastal Marine has no physical presence in Texas, conducts no business in Texas, and its representatives never visited Texas to negotiate or meet with SQA. It is uncontroverted that Coastal Marine placed the order for nickel alloys with SQA

at the request of Halliburton. A Halliburton representative reached out to SQA "and asked if [Coastal Marine] would order the raw materials from SQA." Dkt. 22-1 at 2. The nickel alloys were delivered to Coastal Marine's facility located in Carencro, Louisiana, and sent to Halliburton's facility in Lafayette, Louisiana.

Faced with these jurisdictional obstacles, SQA claims that specific jurisdiction exists because Coastal Marine "agreed it would make payment at SQA's Texas location." Dkt. 29 at 1. But it is well-settled that "the mailing of payments to the forum do[es] not constitute the minimum contacts necessary to constitutionally exercise jurisdiction over" a nonresident defendant. *Stuart*, 772 F.2d at 1194; *see also Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026, 1029 (5th Cir. 1983) (affirming that Texas did not have specific jurisdiction over an Alaskan company that agreed to purchase goods that it knew were to be manufactured by a Texas company in Texas, but no performance by the Alaskan company was to occur in Texas "other than perhaps the payment for the goods").

> The Fifth Circuit has repeatedly held that the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant.

*Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004); *see also Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (affirming that Texas did not have specific jurisdiction over a nonresident defendant who entered into a contract with a Texas resident, sent an agreement and checks to Texas, and engaged in extensive telephonic and written communication with the plaintiff in Texas); *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985) (holding that a defendant's acts of making telephone calls to Texas, wiring payments to Texas, and entering into contracts with two Texas entities were insufficient contacts with Texas to establish personal jurisdiction). A

single purchase of a product from a Texas company is simply not enough to confer jurisdiction over Coastal Marine, a nonresident defendant.

SQA also argues that the exercise of personal jurisdiction over Coastal Marine is proper because the applicable Terms and Conditions provide that "[t]he laws of Texas shall govern the construction, validity and performance of this contract." Dkt. 29-4 at 6. While relevant, a choice-of-law "clause alone is not dispositive of the issue of specific personal jurisdiction." *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 223 (5th Cir. 2012); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985) (a choice-of-law provision "standing alone would be insufficient to confer jurisdiction"); *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 873 (5th Cir. 1999) ("[A] choice-of-law provision should neither be ignored nor considered sufficient alone to confer jurisdiction."). "[T]he presence of a choice-of-law clause is not sufficient in itself to establish personal jurisdiction when, as here, the contacts do not otherwise demonstrate that [Coastal Marine] purposefully availed [itself] of the privilege of conducting business in Texas." *Pervasive Software Inc.*, 688 F.3d at 223 (quotation omitted).

To conclude, SQA has failed to demonstrate that Coastal Marine has sufficient minimum contacts with Texas to be subject to personal jurisdiction in this forum. As a result of that finding, I need not reach the fair play and substantial justice prong of the personal jurisdiction analysis. *See Stuart*, 772 F.2d at 1191–92 ("[T]he fairness factors cannot of themselves invest the court with jurisdiction over a nonresident when the minimum-contacts analysis weighs against the exercise of jurisdiction.").

C.  **DISMISSAL OR TRANSFER?**

Having concluded that I lack personal jurisdiction over Coastal Marine, I now must determine whether to dismiss or transfer the case. "Where a court finds it lacks personal jurisdiction, it may dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2)." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir.

2013). Alternatively, I may, if it is in the interest of justice, transfer the action to any district in which the case could have been brought. *See Franco v. Mabe Trucking Co.*, 3 F.4th 788, 794–96 (5th Cir. 2021); 28 U.S.C. §§ 1406(a), 1631. "The decision to transfer is discretionary, and often made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Springboards to Educ., Inc. v. Hamilton Cnty. Read 20*, No. 3:16-cv-2509, 2017 WL 3023489, at *6 (N.D. Tex. July 14, 2017) (quotation omitted). In order to "minimize the expenditure of any additional time, energy, and money in resolving this case," I find that the interests of justice favor transfer rather than dismissal. *Nye Renewables, LLC v. Oak Creek Energy Sys., Inc.*, No. 2:23-cv-00009, 2023 WL 3903190, at *12 (S.D. Tex. May 25, 2023). Because Coastal Marine's principal place of business is in Lafayette Parish, Louisiana, Coastal Marine is essentially at home—and thus subject to general jurisdiction—in the Western District of Louisiana. That district would also be a proper venue under 28 U.S.C. § 1391.

## CONCLUSION

I conclude that Texas courts lack personal jurisdiction over Coastal Marine. Accordingly, this case is **TRANSFERRED** to the United States District Court for the Western District of Louisiana for further proceedings.

SIGNED this 9th day of November 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE